















BJR    5/21/02    15:10

3:02-CV-00308    SAFECO INSURANCE V. COMMERCIAL MONEY

*38*

*MEMOPP.*

HAROLD P. GEWERTER, ESQ.
Nevada Bar # 499 (Admitted Pro Hac Vice)
WENDY E. MILLER, ESQ.
California Bar #181654
HAROLD P. GEWERTER, ESQ., LTD.
228 South Fourth Street, Suite 101
Las Vegas, NV 89101
(702) 382-1714
Fax: (702) 382-1759

ROCHELLE STANFORD, ESQ.
Bar No. 147238
SOLOMON, GRINDLE, SILVERMAN & SPINELLA
A Professional corporation
12555 High Bluff Drive, Ste. 260
San Diego, California 92130
(858) 793-8500 / Fax: (858) 793-8263

Attorneys for Defendants Commercial Money Center, Inc.
Commercial Servicing Corporation, Capital Markets
Corporation, Sterling Wayne Pirtle, Anita Pirtle,
Ronald Fisher and Nancy Fisher

FILED

02 MAY 20 PM 3: 14

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY: _____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RLI INSURANCE COMPANY, An Illinois Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> COMMERCIAL MONEY CENTER, INC., Etc., et al., <br><br> Defendants. | Case No.: 02 CV0192 BTM (AJB) <br> Hon. Barry T. Moskowitz <br><br> **DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW CAUSE RE CONTEMPT; APPOINTMENT OF RECEIVER** |
| AMERICAN MOTORISTS INSURANCE COMPANY, an Illinois Corporation, <br><br> Plaintiff, <br><br> vs. <br><br> COMMERCIAL MONEY CENTER, INC., Etc., et al., <br><br> Defendants. | Case No.: 02 CV 0218 BTM (AJB) |

38

1

| | |
|---|---|
| ROYAL INDEMNITY COMPANY, a Delaware Corporation,<br><br>     Plaintiff,<br><br>vs.<br><br><br>COMMERCIAL MONEY CENTER, INC., Etc., et al.,<br><br>     Defendants. | Case No.: 02 CV 00199 BTM (AJB) |
| SAFECO INSURANCE COMPANY OF AMERICA, a Washington Corporation<br><br>     Plaintiff,<br><br>vs.<br><br>COMMERCIAL MONEY CENTER, INC., Etc., et al.,<br><br>     Defendants. | Case No.: 02 CV 00308 BTM (AJB) |
| GENERAL ELECTRIC CAPITAL CORPORATION, A Delaware Corporation,<br><br>     Plaintiff,<br><br>vs.<br><br>COMMERCIAL MONEY CENTER, INC., Etc., et al.,<br><br>     Defendants. | Case No.: 02 CV0589 BTM(AJB) |

2

Case No. 02 CV 192 BTM(AJB)

## TABLE OF CONTENTS

I. INTRODUCTION..........................................................................................................................................4

II. STATEMENT OF FACTS .......................................................................................................................4

III. ARGUMENT...........................................................................................................................................4

    A. Standard of Proof................................................................................................................................4

IV. CONCLUSION........................................................................................................................................6

## TABLE OF AUTHORITIES

**Cases**

*Commodity Futures Trading Commission v. Comvest Trading Corp.*, 483 F. Supp. 438, 441 (D. Mass. 1979) ...........................5

*Ford v. Taylor*, 137 F. 149, 150 (9th Cir. 1905)....................................................................................................................6

*National Pshp. Inv. Corp. v National Hous. Dev. Corp.*, 153 F.3d 1289, 1291 (11th Cir. 1998) ......................................5

*United States v. Ianniello*, 824 F.2d 203 (2nd Cir. 1987) ....................................................................................................5

*Zinke-Smith v. Marlowe*, 323 F. Supp. 1151 (D. V.I. 1971). .............................................................................................6

3

COME NOW Defendants, COMMERCIAL SERVICING CORPORATION, INC., COMMERCIAL MONEY CENTER, INC., CAPITAL MARKETS CORPORATION, STERLING WAYNE PIRTLE, ANTIA PIRTLE, RONALD FISHER and NANCY FISHER ("Defendants") by and through their attorney, HAROLD P. GEWERTER, ESQ., of the law firm of HAROLD P. GEWERTER, ESQ., LTD., and hereby file their Memorandum of Points and Authorities in Response to the Order to Show Cause Re Contempt; Appointment of Receiver.

## I. INTRODUCTION

The Court seeks to determine whether or not a receiver should be appointed, presumably for the purpose of avoiding further discovery disputes between the parties. Defendants submit that they have complied with all court orders. Plaintiffs are servicing their own bonded leases. Plaintiffs have no evidence that assets are being dissipated. Defendants have made or will make available to Plaintiffs all documents in their possession, including the entire general ledger, which is in the process of being assembled.

The appointment of a receiver is considered by the courts to be a drastic remedy. The exigent circumstances necessary for the appointment of a receiver simply do not exist in this litigation.

## II. STATEMENT OF FACTS

Defendants agree that Plaintiffs are entitled to review all documents, financial and otherwise, in the possession of CMC/CSC. To that end, Defendants have made exhaustive efforts to locate all bonded lease files. All accounting and servicing documents have been forwarded to Defendants' counsel for preservation, and are available to all parties for review.

In their Motion for Contempt, Plaintiffs have asked for the entire general ledger. The general ledger from the time of the inception of CMC/CSC is presently being assembled, and will be provided when completed. The general ledger includes all data stored on Great Plains.

## III. ARGUMENT

A. Standard of Proof

This is a diversity action. The appointment of a receiver by a federal court in a diversity action is governed by federal law. *National Pshp. Inv. Corp. v National Hous. Dev. Corp.*, 153

4

F.3d 1289, 1291 (11th Cir. 1998). "Appointment of a receiver 'is, like an injunction, an extraordinary remedy and ought never to be made except in cases of necessity upon a clear showing that...emergency exists, in order to protect the interests of the plaintiff in the property." *Commodity Futures Trading Commission v. Comvest Trading Corp.*, 483 F. Supp. 438, 441 (D. Mass. 1979) (citations omitted).

A receivership is a particularly draconian remedy for resolution of discovery disputes. Only rarely does a court appoint a receiver to address discovery abuses. In one such case, *United States v. Ianniello*, 824 F.2d 203 (2nd Cir. 1987), many of the defendants had already been convicted of skimming profits from six restaurants they owned. Two months after the criminal convictions, the Government commenced a civil RICO action against the defendants, who were continuing to skim money from their restaurant operations. At the deposition of defendant Matthew Ianniello, Ianniello refused to testify on Fifth Amendment grounds, even though the Government had stipulated that the testimony would only be used for the purposes of the civil action. The district court considered evidence from the criminal proceedings, expert testimony as to what the restaurants should have been making compared to what was reported, as well as the refusal of Ianniello and other defendants to testify. The Second Circuit held that there was sufficient evidence for the court to find that the appointment of a receiver was necessary. *Id.*, at 207.

The present situation does not in any way rise to the level of discovery problem as was present in *Ianniello*. Plaintiffs have not shown any evidence of fraud by Defendants. Defendants are fully cooperating with discovery. CMC/CSC are no longer servicing any bonded leases. Clearly, the circumstances do not show the necessity for the appointment of a receiver.

Plaintiffs already have the means to protect their "property" interest--- they are servicing their own leases. Although Plaintiffs have suggested otherwise, and without any factual support, none of the "removed" leases retained by Defendants are productive leases, thus there is no risk that Defendants are receiving any proceeds in which Plaintiffs might have some interest.

Throughout their pleadings, Plaintiffs have suggested that there is an "imminent risk" that Defendants' assets will be dissipated. There simply is no support for this allegation. Evidence of

mismanagement of a corporation, and evidence that the corporation is in financial difficulty are insufficient grounds for the appointment of a receiver. *Zinke-Smith v. Marlowe*, 323 F. Supp. 1151 (D. V.I. 1971). "Absent a showing that the property of the defendant corporation is in grave and imminent danger of dissipation, the granting of this extraordinary relief could not be justified." *Id.*, at 1151, *citing Gordon v. Washington*, 295 U.S. 30, 55 S. Ct. 584, 79 L. Ed. 1282 (1935); *Mintzer v. Arthur L. Wright & Co.*, 263 F.2d 823 (3rd Cir. 1959). There has been absolutely no evidence shown that Defendants' assets are in "grave and imminent danger of dissipation," such that a receiver should be appointed.

Moreover, according to documents already submitted in this case, the Defendants allege that they are owed substantial sums of money from the Plaintiffs because of prior unreimbursed advances they have made on behalf of and for the benefit of the Plaintiffs.

## IV. CONCLUSION

For all of the above reasons, Defendants submit that there is absolutely no evidence that any emergency exists such as to justify the appointment of a receiver. "The power of appointing receivers is one which the courts have said should be sparingly exercised, and with great caution and circumspection." *Ford v. Taylor*, 137 F. 149, 150 (9th Cir. 1905). Wherefore, Defendants respectfully request that the Court decline to appoint a receiver in the above-captioned cases.

DATED this 17th day of May, 2002.

HAROLD P. GEWERTER, ESQ.
Nevada Bar No. 499
WENDY E. MILLER, ESQ.
California Bar No. 181654
HAROLD P. GEWERTER, ESQ., LTD.
228 South Fourth Street, Suite 101
Las Vegas, NV 89101


Attorneys for Defendants Commercial
Money Center, Inc., Commercial Servicing
Corporation, Capital Markets Corporation,
Sterling Wayne Pirtle, Anita Pirtle, Ronald
Fisher and Nancy Fisher

6

PROOF OF SERVICE

I am employed in Clark County, State of Nevada. I am over the age of eighteen years, and not a party to the within action. My business address is 228 South Fourth Street, Suite 101, Las Vegas, Nevada 89101.

On May 17, 2002, I served the foregoing document(s):

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN RESPONSE TO ORDER TO SHOW CAUSE RE CONTEMPT; APPOINTMENT OF RECEIVER**

on the interested parties in this action by placing a true copy thereof enclosed in a sealed envelope addressed as follows:

James R. Patterson, Esq.
COOLEY GODWARD LLP
4401 Eastgate Mall
San Diego, CA 92121-2128
Fax: 1-858-550-6420
Attorneys for Plaintiff Royal

Michael Lowe, Esq.
BOOTH, MITCHELL & STRANGE LLP
701 South Parker Street, Suite 6500
P.O. Box 11055
Orange, California 92856-8155
Fax: 1-714-480-8533
Attorneys for Plaintiff Safeco


Ronald Hopkins, Esq.
GASCOU HOPKINS, LLP
10990 Wilshire Blvd., #1280
Los Angeles, CA 90024
Fax: 1-310-445-1886
Attorneys for Plaintiff American Motorists

Marilyn Klinger, Esq.
SEDGWICK, DETERT, MORAN & ARNOLD
801 South Figueroa Street, 18th Floor
Los Angeles, California 90017-5556
Fax: 1-213-426-6921
Attorneys for Plaintiff RLI


William C. Morison-Knox,Esq.
Michael D. Prough, Esq.
John J. Rasmussen, Esq.
MORRISON-KNOX HOLDEN
MELENDEZ AND PROUGH, LLP
500 Ygnacio Valley Road, Ste. 450
Walnut Creek, CA 94596
Fax: 1-925-937-3272
Attorneys for RLI

Maureen F. Hallahan, Esq.
Frank L. Tobin, Esq.
Spencer C. Skeen, Esq.
PROCOPIO, CORY, HJARGREAVES
& SAVITCH, LLP
530 B. Street, Ste. 2100
San Diego, CA 92101
FAX: 1-619-235-0398
Attorneys for GE


_____ (BY MAIL) I caused such envelope with postage thereon fully prepaid to be placed in the United States Mail at Las Vegas, Nevada. I am readily familiar with the firm's business practice for collection and processing of correspondence for mailing with the U.S. Postal Service pursuant to which practice the correspondence will be deposited with the U.S. Postal Service this same day in the ordinary course of business.

7

      X    (VIA FEDERAL EXPRESS NEXT DAY AIR) I caused such envelope to be placed in the UPS depository at Las Vegas, Nevada. I am "readily familiar" with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with UPS on that same day at Las Vegas, Nevada in the ordinary course of business.

         (VIA FACSIMILE TRANSMISSION) I caused such document to be sent via facsimile transmission on this date during regular business hours to the addresse(s) as shown above.

         (State) I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

      X    (Federal) I declare that I am an agent of a member of the bar of this court admitted pro hac vice at whose direction the service was made.

Executed on 5·17·02, at Las Vegas, Nevada.

_Joyce Jahl_
An Agent of Harold P. Gewerter, Esq. Ltd.

8